UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFERY WALTMAN,<br><br>Petitioner,<br><br>v.<br><br>DISTRICT ATTORNEY OF HUDSON COUNTY,<br><br>Respondent. | Civil Action No.: 17-3500 (CCC)<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Jeffery Waltman, raising a speedy trial challenge to a pending New Jersey charge that began in November 2013. (ECF No. 1 at 1-2). Subsequent to that arrest and charge, and while on bail, Petitioner was charged and convicted in the State of Louisiana, and is currently serving a ten-year sentence in Louisiana for that conviction. (*Id.* at 2). New Jersey lodged a detainer against Petitioner on February 6, 2015. (*Id.*). Petitioner avers that he still has not been brought to trial by the State of New Jersey, in violation of his Sixth Amendment right to a speedy trial.

Although a speedy trial challenge may be brought by a detainee who has not yet been tried in a criminal proceeding, *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488-89 (1973), to bring such a challenge in a Petition for Writ of Habeas Corpus, Petitioner is required to exhaust state court remedies. *See id.* at 490. Here, Petitioner concedes that he did not file a speedy trial motion with the trial court until February 14, 2017, a mere three months prior to the filing of the instant Petition. (ECF No. 1 at 3). Petitioner asserts that the trial court has yet to rule on the motion, but three months is simply not long enough for this Court to find that the trial court violated

Petitioner's rights by ignoring the speedy trial motion, thereby rendering exhaustion futile. Furthermore, there is also no allegation Petitioner sought relief from higher courts of New Jersey on the ground that the trial court refused to entertain his speedy trial motion. Under these facts, the Court cannot find that Petitioner has satisfied his burden of exhaustion, and the Petition is therefore dismissed.[1] *See* Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]").

IT IS therefore on this 23 day of August, 2017,

**ORDERED** the Petition is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

					Claire C. Cecchi, U.S.D.J.

---

[1] The Court understands Petitioner's contention that he has notified the prosecuting authorities on numerous occasions over the years about his speedy trial claim. Unfortunately, it is not relevant to the exhaustion analysis. It may be relevant, however, in any speedy trial claim Petitioner raises in state court or, eventually, on federal habeas after exhaustion.